IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-282-FL

| | |
|---|---|
| RICHARD SYLVESTER ALLEGOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ROGER D. GRAHAM, JR., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Movant Patricia Mead Allegood's ("Movant") motion to quash subpoenas. [DE-37]. Movant subsequently amended her motion seeking to quash two additional subpoenas [DE-48], motions which were subsequently withdrawn on August 28, 2018 [DE-59]. On August 30, 2018, the court held a telephonic hearing on the motions to quash the remaining four subpoenas. Following the hearing, on September 6, Movant filed notice withdrawing her motion as to one of the remaining subpoenas. [DE-63]. Accordingly, the motion before the court relates to three subpoenas. All issues raised in the briefing are ripe for decision. For the reasons set forth below, the motion is allowed in part and denied in part.

## I. BACKGROUND

Plaintiff originally filed this action in North Carolina state court, alleging claims of alienation of affection and criminal conversation with respect to an alleged extramarital relationship between Defendant Roger D. Graham ("Defendant") and Movant, Plaintiff's wife. Compl. [DE-1]. The matter was removed to this court on June 9, 2017, on the basis of diversity jurisdiction. *Id.* Plaintiff has alleged that Defendant began his wrongful conduct toward Movant

beginning in January 2017. *Id.* at ¶ 9. Plaintiff alleges further that Defendant's conduct included placing and receiving telephone calls to and from Movant, and exchanging e-mails, text messages and other electronic communications. *Id.* ¶ 15. According to the complaint, Defendant's misconduct continued after Plaintiff and Movant separated on February 23, 2017. *Id.* ¶ 18.

On June 29 and July 13, 2018, Plaintiff served the three subpoenas which are the subject of the instant motion on the following entities: Cellco Partnerships d/b/a Verizon Wireless ("Verizon"), Wells Fargo Bank ("Wells Fargo"), and PNC Bank ("PNC"). Exs. A–C, [DE-37-1–3].

With respect to the subpoena served upon Verizon, Plaintiff requests the following information:

> Any and all monthly account statements from January 1, 2016 through the most recent statement for any and all accounts in the name of Ms. Patricia Mead Allegood, phone numbers (252) [XXX-XXXX], (919) [XXX-XXXX], or any other phone number registered to Ms. Patricia Mead Allegood, to include a complete Incoming/Outgoing call detail, text detail and data usage using any other networks or wifi along with all IP addresses used.

Ex. A [DE-37-1]. With respect to the subpoena served upon Wells Fargo, Plaintiff requests the following five categories of documents:

1. Copies of all canceled checks (front and back images) beginning January 1, 2017 to present for [account number].

2. All monthly checking account statements beginning January 1, 2017 to present for Patricia Mead Allegood, social security number ending in [ ].

3. All monthly credit card account statements beginning January 1, 2017 to present for Patricia Mead Allegood, social security number ending in [ ].

4. All loan documents beginning January 1, 2017 to present for Patricia Mead Allegood, social security number ending in [ ].

2

5. All monthly statements for any other accounts beginning January 1, 2017 to present for Patricia Mead Allegood, social security number ending in [ ].

Ex. B [DE-37-2]. With respect to the subpoena served upon PNC, Plaintiff requests the following four categories of documents:

1. All monthly checking account statements beginning January 1, 2017 to present for Patricia Mead Allegood, social security number ending in [ ].

2. All monthly credit card statements beginning January 1, 2017 to present for Patricia Mead Allegood, social security number ending in [ ].

3. All loan documents beginning January 1, 2017 to present for Patricia Mead Allegood, social security number ending in [ ].

4. All monthly statements for any other accounts beginning January 1, 2017 to present for Patricia Mead Allegood, social security number ending in [ ].

Ex. C. [DE-37-3].

## II. DISCUSSION

Movant generally argues that the subpoenas are overly broad in scope and seek information that is not relevant to the extent the subpoenas request documents regarding post-separation conduct. Allegood Mem. [DE-39] at 6. Further, Movant contends that Plaintiff could use the information obtained by the subpoenas to further intimidate and harass her. According to Movant, Plaintiff has impersonated her and suggested his private investigator do so as well, and has also followed Movant and attempted to intimidate her.[1] *Id.* at 6–8.

Subpoenas issued to nonparties are governed by Rule 45 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce a document and tangible things or to permit an inspection."). "In response to such a

---

[1] Neither Movant nor Plaintiff has moved for a protective order to address this conduct. Plaintiff's counsel suggested that efforts could be made to ensure that any information obtained from the subpoenas would not be misused.

3

subpoena, a non-party may either file a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(d)(3)(A), move for a protective order pursuant to Fed. R. Civ. P. 26(c), or oppose a motion to compel production of the subpoenaed documents pursuant to Fed. R. Civ. P. 45(d)(2)(B)." *Schaaf v. Smithkline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (citing *United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 484 (D. Md. 2002)).

"Rule 45 adopts the standard codified in Rule 26" in determining what is discoverable. *Schaaf*, 233 F.R.D. at 453. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given a broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. Sept. 27, 2000). While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "broadly construed to encompass 'any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

However, simply because "requested information is discoverable under Rule 26[b] does not mean that discovery must be had." *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004). Indeed, the court is authorized to impose appropriate limitations on discovery. Rule

4

26 provides that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such orders may prescribe, among other measures, "forbidding the disclosure or discovery" or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (c)(1)(D).

Additionally, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and the court "must quash or modify a subpoena that subjects a person to undue burden." Fed. R. Civ. P. 45(d)(1), (d)(3)(A)(iv). "In the context of evaluating subpoenas issued to third parties, a court 'will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance.'" *Schaaf*, 233 F.R.D. at 453 (quoting *Indem. Ins. Co. of N. Am. Eurocopter LLC*, 227 F.R.D. 421, 426 (M.D.N.C. 2005)). The determination of the reasonableness of a subpoena requires the court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it, weighing the benefits and burdens, considering whether the information is necessary and whether it is available from another source. *See* 9A Wright & Miller, *Fed. Practice & Procedure* § 2463.1 (3d ed.) (collecting cases); *Spring v. Bd. of Trustees of Cape Fear Cmty. Coll.*, No. 7:15-CV-84-BO, 2016 WL 4204153, at *1 (E.D.N.C. Aug. 8, 2016).

Although Movant's standing to challenge the subpoenas does not appear disputed, several courts have held that nonparties who are not themselves the targets of a subpoena do not have standing pursuant to Rule 45(d)(3) to move to quash. *See, e.g., Leanders v. Yassai (In re Yassai)*, 225 B.R. 478, 481–82 (Bankr. C.D. Cal. 1998) (finding a nonparty who had engaged in business dealings with the defendant, and who wished to quash a subpoena issued to a financial

5

institution, also a nonparty, did not have standing under Rule 45(d)(3)(A) to make such a motion despite the movant's privacy interest in the financial records sought); *Salem Vegas, L.P. v. Guanci*, No. 2:12-CV-01892-GMN, 2013 WL 5493126, at *6 (D. Nev. Sept. 30, 2013) (finding that a nonparty business did not have standing to move to quash a subpoena issued to its bank, also a nonparty, despite the business's claim that the financial documents requested were privileged and such disclosure would violate its privacy rights). Other courts, however, have held that parties or nonparties claiming privilege in the information subpoenaed from a different nonparty do have such standing to move to quash pursuant to Rule 45(d)(3). *See e.g., Broadcort Capital Corp. v. Flagler Secs., Inc.*, 149 F.R.D. 626, 628 (D. Col. 1993) (holding that a nonparty movant did have standing to move to quash a subpoena issued to another nonparty for telephone records based on the claim that the records were privileged); *Schmulovich v. 1161 Route 9, LLC*, CIV.A. 07-597FLW, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007) (holding that personal rights claims with respect to bank accounts gave a party standing to challenge a nonparty subpoena upon financial institutions). Because Movant asserts a right or privilege relating to her bank and telephone records, which Plaintiff does not appear to contest, the court finds Movant has standing and will address the merits of the matter.

Movant contends that the subpoenas "command production of private, personal information regarding Movant (everyone whom she has called, every payment she has made)," and that the information is not relevant to Plaintiff's action. Allegood Mem. [DE-39] at 6. Further, Movant contends that any information sought after the date of Movant's marital separation from Plaintiff is unrelated to the claims by statute. *Id.* (citing N.C. Gen. Stat. § 52-13(a)). Lastly, Movant contends that she is entitled to the protection afforded by the discovery rules where Plaintiff's past conduct indicates that he is likely to use the information gleaned from

6

discovery to further harass or intimidate her. *Id.* at 6–7. For his part, Plaintiff contends the information sought is reasonable in scope, relevant, proportional, and not overly broad. Pl.'s Opp'n [DE-53] at 7. Specifically, Plaintiff asserts that prior to marital separation, Movant and Defendant communicated via electronics "designed to circumvent detection, such as 'burner phones[,]' and [ ] other phone numbers," thereby establishing the relevancy of Movant's phone records as described in the subpoena. *Id.* With respect to the bank records, Plaintiff contends such records "can reveal financial support Defendant has or was providing to Plaintiff," and that the financial records "are also needed to respond to financial accusations[2] lodged against Plaintiff by Movant." *Id.* at 8.

As during the hearing, the court focuses its discussion on the temporal scope of the subpoenas. Plaintiff argues that case law allows for the discovery of post-separation information to be used "to corroborate evidence of pre-separation conduct to support claims for alienation of affection and criminal conversation, so long as the pre-separation conduct is more than mere conjecture." Pl.'s Opp'n [DE-53] at 8 (citing *Rodriguez v. Lemus*, 810 S.E.2d 1 (N.C. App. 2018)). While Movant is not a party to the lawsuit, the nature of Plaintiff's claims suggests Movant's telephone records have some relevance. *See* Compl. [DE-1] ¶ 15. At the hearing, it was established that Defendant had produced requested telephone records in discovery. Movant's records are relevant to the claims in the complaint, as well as to corroborate Defendant's records. However, the court finds that Movant's telephone records sought in the subpoena beyond the date of separation are not relevant.

Plaintiff contends Movant's banking records are relevant to corroborate evidence of pre-separation conduct and that these records may reveal financial support Defendant was providing

---

[2] It is unclear what "financial accusations" Plaintiff is referencing, and whether such accusations are related to Plaintiff and Movant's ongoing state court marital support litigation or to Movant's contention in her briefs that Plaintiff has impersonated her and withdrawn funds from her retirement account. *See* Allegood Mot. [DE-37] at 6.

7

and continues to provide Movant. Pl's Opp'n [DE-53] at 8. Plaintiff also argues that Movant's banking records may reveal the purchase of burner phones used prior to Movant's separation from Plaintiff. *Id.* To be sure, the complaint is devoid of any claims relating directly to Movant's banking accounts. However, for the reasons Plaintiff has articulated, the court finds Movant's banking records up to the date of marital separation and for a reasonable period thereafter, relevant and that the discovery of those records does not appear otherwise impermissible or unwarranted considering Movant's status as a third-party. However, the discovery of Movant's banking records for an extended period beyond marital separation, especially to explore Defendant's current financial support of Movant, has marginal relevance to the claims at issue and is not reasonable.

Accordingly, the subpoena served upon Verizon is hereby modified to encompass the time period from January 1, 2016 through March 30, 2017; the subpoena served upon Wells Fargo is hereby modified to encompass the time period from January 1, 2017 through March 30, 2017; and the subpoena served upon PNC is hereby modified to encompass the time period from January 1, 2017 through March 30, 2017.

### III. CONCLUSION

For the foregoing reasons, Movant's motion to quash subpoenas [DE-37] is ALLOWED in part and DENIED in part.

So ordered, the 10th day of September 2018.

Robert B. Jones, Jr.
United States Magistrate Judge