IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-cv-282-FL

RICHARD SYLVESTER ALLEGOOD,

                  Plaintiff,

vs.

ROGER D. GRAHAM, JR,

                  Defendant.

**CONSENT ORDER ON PROTOCOL FOR IMAGING OF PLAINTIFF'S iPHONE**

With the consent of the parties to this action, the Court enters the following order establishing a protocol for the imaging of Plaintiff's iPhone, which contains data originally residing on the iPhone used by his ex-wife, Patricia Allegood, prior to their separation. The parties agree that the imaging will be undertaken by Defendant's consultant Reliance Forensics, LLC ("Reliance"), 2901 Coltsgate Rd., Suite 203A, Charlotte, NC 28211:

The Court hereby orders that the following protocol be followed:

1. A Cellebrite-credentialed forensic examiner working for Reliance shall come onsite at a suitable business or public location, of Plaintiff's choosing, with a laptop computer with Cellebrite installed.

2. Plaintiff shall provide all applicable PIN codes and/or encryption passwords, if necessary, to the iPhone.

3. The Reliance examiner shall put the iPhone in airplane mode, connect it to the laptop computer and extract all data residing on the cell phone. This parties acknowledge that this process may take several hours.

4. This process shall not result in any alterations to the user data residing on the iPhone, which shall be returned to Plaintiff immediately following the completion of the imaging.

5. Plaintiff's counsel shall provide a list of all attorneys with whom Plaintiff may have engaged in privileged communications with such iPhone.

6. Subsequent to the imaging referenced in paragraphs 1-4, Reliance shall initially search the imaged data to determine whether any "hits" exist on any such attorney names. If such "privilege hits" exist, Reliance shall provide a report to Plaintiff's counsel only regarding the metadata associated with such privilege hits and Plaintiff's counsel shall have 10 days to assert the attorney-client privilege as to any or all. For any hits in which the privilege is timely asserted, Reliance shall exclude all associated data from its reporting to counsel for Defendant.

7. Reliance shall also search the imaged data to determine whether any data was added to the iPhone subsequent to March 5, 2018. Reliance shall exclude all such data from its reporting to counsel for Defendant.

8. Reliance shall not provide any of the imaged data or any report to Defendant's counsel about such data regarding any information excluded from reporting pursuant to paragraphs 6-7 above.

9. After completing the steps outlined in paragraphs 6-7, Reliance may produce the resulting report(s) to Defendant's counsel in one or more formats of its choosing.

10. Defendant shall produce to Plaintiff a copy of any report issued by Reliance upon receipt of same.

11. All costs associated with Reliance's imaging of the iPhone in question and related work shall be borne by Defendant.

IT IS SO ORDERED.

This the  2nd  day of February, 2021.

                                                  Honorable Louise W. Flanagan
                                                  United States District Court Judge

WE CONSENT:

s/ Cynthia A. Mills
Cynthia A. Mills
Mills & Alcorn, LLP
200 West Third Street
Greenville, NC  27858
Counsel for Plaintiff

s/ Leslie G. Van Der Have
Leslie G. Van Der Have
Van Der Have Family Law
3740 S. Evans Street, Suite E
Greenville, NC  27834
Counsel for Plaintiff

s/ Steven B. Epstein
Steven B. Epstein
Poyner Spruill LLP
301 Fayetteville Street, Suite 1900
Raleigh, NC  27601
Counsel for Defendant

s/ Kimberly W. Bryan
Kimberly W. Bryan
Cheshire Parker Schneider & Bryan
133 Fayetteville Street, Suite 500
Raleigh, NC  27601
Counsel for Defendant